## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**THOMAS S. PURSER,**

**Plaintiff,**

**vs.**                                                              **No. CIV 08-1029 JP/WDS**

**MICHAEL J. ASTRUE, Commissioner**
**of the Social Security Administration,**

**Defendant.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

**THIS MATTER** came before the Court upon Plaintiff's Motion to Reverse or Remand Administrative Agency Decision. Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security, who determined that Plaintiff was not eligible for benefits. Having considered Plaintiff's Motion and Memorandum Brief [Docs. 14, 14-1], Defendant's Response [Doc. 15], Plaintiff's Reply [Doc. 16], the administrative record and applicable law, the Court recommends that Plaintiff's Motion be granted and that this matter be remanded to the Commissioner of Social Security for further proceedings consistent with these findings.

### Background

Plaintiff was born on August 16, 1962, and has past relevant work experience as a manufacturing technician at Intel and prior service in the Navy for 16 years. Tr. 27. Plaintiff applied for benefits on April 19, 2006. Tr. 66-68. He alleged that he became disabled as of

---

[1]Within fourteen (14) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

December 11, 2004.  *Id.*  Plaintiff alleged that he was disabled as a result of degenerative disc disease and degenerative joint disease of the neck and back, and bipolar disorder. Tr. 87-88. Plaintiff's application was denied at the initial level, Tr. 40, and at the reconsideration level. Tr. 38. Plaintiff appealed by filing a request for a hearing by an administrative law judge ("ALJ"). Tr. 46.

A hearing was held before ALJ George W. Reyes, who heard testimony from Plaintiff and a Vocational Expert ("VE").  Tr. 17-37.  The ALJ entered a decision finding Plaintiff not disabled. Tr. 9-15.  Plaintiff then filed a request for review of the ALJ's decision with the Appeals Council, and the Appeals Council denied the request for review, Tr. 2-4, thus rendering the ALJ's decision the final decision of the Commissioner, from which Plaintiff now appeals.  Plaintiff filed this action for judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

### Standard of Review and Applicable Law

This Court may only review the Commissioner's decision to determine whether it is supported by substantial evidence and whether correct legal standards were applied. *Langley v. Barnhart,* 373 F.3d 1116, 1118 (10th Cir. 2004).  In determining whether the Commissioner's findings are supported by substantial evidence, the Court should not re-weigh the evidence nor should it substitute its judgment for that of the Commissioner. *Id.* Instead, the Court should meticulously examine the record to determine whether the Commissioner's decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Williams v. Bowen,* 844 F.2d 748, 750 (10th Cir. 1988).  The "substantial evidence" standard is satisfied by more than a scintilla, but less than a preponderance, of evidence.  *Id.*  However, evidence is not substantial if it is overwhelmed by other evidence or if it constitutes a mere conclusion.  *Ray v. Bowen,* 865 F.2d 222, 224 (10th Cir. 1989).

2

A sequential five-step analysis applies in determining whether an adult claimant is disabled and entitled to benefits under the Social Security Act.  *See Williams,* 844 F.2d at 750-52; 20 C.F.R. §§ 404.1520, 416.920.  First, the question is whether the claimant is engaged in substantial gainful activity.  *Williams,* 844 F.2d at 750.  If so, the claimant is not disabled; if not, the analysis proceeds to step two.  *Id.*  At the second step, the question is whether the claimant has an impairment or combination of impairments that is severe.  *Id.*  If not, the claimant is not disabled; however, if the claimant makes the required showing of severity, the analysis proceeds to step three.  *Id.* at 750-51. At step three, the question is whether the claimant has an impairment or combination of impairments that meets or equals an impairment listed at Appendix 1, Subpart P, of 20 C.F.R. Part 404 ("Listings" or "Listed Impairment").  *Id.* at 751.  If so, the impairment is considered to be presumptively disabling.  *Id.*  If not, the analysis proceeds to step four, where the question is whether the impairment prevents the claimant from doing past work.  *Id.*

The claimant is not disabled if he or she can perform past work.  *Id.*  If the claimant cannot perform past work, the analysis proceeds to step five, where the burden shifts to the Commissioner to establish that the claimant has the RFC "to perform other work in the national economy in view of his age, education and work experience."  *Id.* (quoting *Bowen v. Yuckert,* 482 U.S. 137, 142 (1987)).  The claimant is entitled to benefits unless the Commissioner establishes that the claimant can "perform an alternative work activity and that this specific type of job exists in the national economy."  *Id.* (quoting *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984)).

## Summary of the ALJ's Decision

At step one of the sequential five-step analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity.  Tr. 11.  The ALJ found at step two that Plaintiff had the severe impairments of degenerative disc disease and degenerative joint disease of the cervical and lumbar

spine, and a non-severe mental impairment. Tr. 11-13.  The ALJ found at step three that Plaintiff's

impairments were not severe enough to meet or medically equal any of the Listings.  Tr. 13.  At step

four, the ALJ concluded that Plaintiff had the RFC to perform light work:

> Specifically, he is able to lift ten pounds frequently and twenty pounds occasionally;
> to sit, stand, and walk six cumulative hours per workday; push/pull with his upper
> and lower extremities within the strength limitations cited; perform "frequent"
> postural activities; and has no manipulative, visual, communicative, or
> environmental limitations. Mr. Purser has a residual functional capacity compatible
> with a full range of "light" work.

Tr. 15.

Given the RFC assessment, the ALJ found that Plaintiff could perform his past relevant work

as a manufacturing technician as it is performed in the national economy. Tr. 15.  The ALJ made

no step five finding.

Plaintiff alleges the following errors: (1)  The ALJ erred in determining that Plaintiff did not

suffer from a severe mental impairment; (2) the ALJ erred in failing to make necessary findings at

Step Four as to the physical and mental demands of Plaintiff's past relevant work; (3) the ALJ erred

in failing to discuss the Plaintiff's VA disability determination before concluding that Plaintiff had

not met the required showing for a severe impairment at Step Two; and 4) The ALJ failed to

consider the combined impairments in determining that Plaintiff could perform past relevant work.

### Discussion

### 1. The ALJ's Step Two Finding That Plaintiff's Mental Impairment Was Not Severe.

At Step Two, the ALJ found that Plaintiff had the severe impairment of degenerative disc

disease and degenerative joint disease of the cervical and lumbar spine, and a non-severe mental

impairment.  Plaintiff challenges the determination that his mental impairment is non-severe.

Plaintiff's step-two argument fails as a matter of law. An impairment is "severe" if

it "significantly limits [a claimant's] physical or mental ability to do basic work activities."
20 C.F.R. §§ 404.1520(c), 416.920(c).  A claimant must make only a de minimis showing
for her claim to advance beyond step two of the analysis.  *Langley v. Barnhart*, 373 F.3d
1116, 1123 (10th Cir. 2004).  Thus, step two is designed "to weed out at an early stage of the
administrative process those individuals who cannot possibly meet the statutory definition
of disability." *Bowen v. Yuckert*, 482 U.S. 137, 156 (1987) (O'Connor, J., concurring).  To
that end, a claimant is required to establish, and an ALJ is required to find, only one severe
impairment.  *See Oldham v. Astrue*, 509 F.3d 1254, 1256 (10th Cir. 2007) (rejecting
argument that ALJ erred in failing to find an impairment severe at step two where the ALJ
found other impairments were severe).  The reason is grounded in the Commissioner's
regulations describing step two, which state: "If you do not have *a severe* medically
determinable physical or mental impairment . . . or a combination of impairments that is
severe . . ., we will find that you are not disabled." 20 C.F.R. §§ 404.1520(a)(4)(ii),
416.920(a)(4)(ii) (emphasis added).  The regulations require a claimant to show only "*a*
severe" impairment—that is, *one* severe impairment—in order to avoid a denial of benefits
at step two.  As long as the ALJ finds one severe impairment, the ALJ may not deny benefits
at step two but must proceed to the next step. Accordingly, the failure to find a particular
impairment severe at step two is not reversible error as long as the ALJ finds, as he did here,
that at least one other impairment is severe.

**2. Whether The ALJ Erred in Failing to Make Necessary Findings at Step Four as to the**

5

**Physical and Mental Demands of Plaintiff's Past Relevant Work**.

Plaintiff next argues that the ALJ failed to follow the proper Step Four sequential analysis in evaluating whether Plaintiff could perform his past relevant work. "Step four of the sequential analysis, at which the ALJ found plaintiff not disabled, is comprised of three phases. In the first phase, the ALJ must evaluate a claimant's physical and mental residual functional capacity; in the second, he must determine the physical and mental demands of the claimant's past relevant work . . . . In the final phase, the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one." *Henrie v. United States Dep't of Health & Hum. Servs.*, 13 F.3d 359, 361 (10th Cir. 1993)& SSR 82-62. Past relevant work is defined as claimant's ability to perform either "1. [t]he actual functional demands and job duties of a particular past relevant job;  or 2. [t]he functional demands and job duties of the occupation as generally required by employers throughout the national economy." SSR 82-61; *see Andrade v. Secretary of Health & Hum. Servs.*, 985 F.2d 1045, 1050-51 (10th Cir. 1993).

In this case Plaintiff described his job at Intel as a "manufacturing technician," who worked in lithography printing the chips on the disk and "column[ing] them to the machine." Tr. 27 Plaintiff also fixed the machines if they broke down. Tr. 27. Plaintiff was asked nothing about the physical demands of his work, and the Court has no idea what they are. Furthermore, the ALJ determined that Plaintiff could perform his past relevant work not specifically as it had been performed at Intel, but "as generally performed in the national economy."   Despite the fact that Vocational Expert Pamela Bowman was at the administrative hearing, nobody questioned her or solicited testimony about the DOT requirements for the job of manufacturing technician, and the Court is equally uninformed about whether Plaintiff could perform the job "as generally performed."

6

An ALJ's decision must be evaluated solely on the reasons stated in the [ALJ's] decision. *See Robinson v. Barnhart*, 366 F.3d 1078, 1084-85 (10th Cir. 2004).  An ALJ's failure to "provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005)(quotation omitted).  Accordingly, this matter is remanded to the Commissioner for further proceedings.

**3.  Whether the ALJ Erred in Failing to Discuss the Plaintiff's VA Disability Determination Before Concluding That Plaintiff had not Met the Required Showing for a Severe Impairment at Step Two.**

Plaintiff next objects that the ALJ did not adequately discuss the significance of the Veterans Administration's disability findings.  Plaintiff has a 40% service connected disability because of his back and neck, and a non-service connected disability due to bipolar disorder rendering him unemployable. Tr. 72-79.  Plaintiff's primary objection seems to be the ALJ's treatment of the VA's psychological finding, which he compares adversely with the ALJ's Step Two finding that Plaintiff's mental impairment was not severe.  As noted above, the ALJ's Step Two finding is, at best, harmless error under the Commissioner's regulations.  Instead, the Court will address this issue as one of whether there is substantial evidence to support the ALJ's finding that Plaintiff's mental impairment was *de minimus* enough that it essentially had no impact on Plaintiff's RFC.

"Although findings by other agencies are not binding on the [Commissioner], they are entitled to weight and must be considered." *Baca v. Dep't of Health & Human Servs.*, 5 F.3d 476, 480 (10th Cir. 1993) (further quotation omitted); *see also* 20 C.F.R. § 404.1512(b)(5) (stating agency will consider "[d]ecisions by any governmental or nongovernmental agency" concerning disability).  There is no dispute that the ALJ considered the VA records and

7

acknowledged the VA's disability rating.  He reviewed the VA's reports of Plaintiff's mental and physical symptoms, as well as a psychological consultative evaluation from July 2006.

The problem, again, for the Court is that the record is so sparse as to be nearly unreviewable.  On the one hand, medical professionals at the VA consider Plaintiff to be unemployable due to his mental impairments.  The psychological consultant, Dr. Lev, diagnosed Plaintiff with Adjustment Disorder and an "explosive temper" and concluded that he would be capable of interacting with supervisors, coworkers, and members of the public as long as they "did not treat him unfairly or capriciously."  Tr. 294-95.  But neither the Commissioner, Plaintiff, or Plaintiff's counsel ensured that Dr. Lev had access to Plaintiff's past mental health history, which was not inconsequential and which seems to have included a suicide attempt eight months before Plaintiff saw Dr. Lev.  Tr. 294.

The Court has no detailed information about Plaintiff's problems at Intel other than Dr. Lev's brief narrative that Plaintiff was sent for a mental health evaluation because he "threatened someone at work."  Notwithstanding the above information, the ALJ found only "mild" limitation in social functioning, noting that "he has friends and is able to interact appropriately with others."  In the Court's opinion, however, a propensity to explode with anger at a co-worker or supervisor's purported "unfairness" or "capriciousness," and to threaten that coworker with something--the Court knows not what–presents more than a mild limitation in social functioning.

Accordingly, the Court directs the Commissioner to more fully develop the record regarding Plaintiff's alleged mental impairment and re-evaluate Plaintiff's mental

impairment.   If the Plaintiff has additional mental health records that post-date the administrative hearing, he may submit them to the Commissioner.   At the Commissioner's discretion he can request that Dr. Lev update the current consultative examination after having reviewed all of Plaintiff's mental health records, or the Commissioner can order a new consultative exam.  The Court finds no error in the manner in which the ALJ considered the VA's physical disability rating for Plaintiff.

Plaintiff's remaining objection is found as moot considering the above rulings.

### Conclusion

For the foregoing reasons, the Court recommends that Plaintiff's Motion to Reverse or Remand Administrative Agency Decision be granted and that this matter be remanded to the Commissioner of Social Security for further proceedings consistent with these findings.

_____
**W. DANIEL SCHNEIDER**
**UNITED STATES MAGISTRATE JUDGE**